# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00844-CV

**Q. W., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-001770, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Q.W. appeals from the trial court's order terminating her parental rights to her children. *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that three statutory grounds existed for terminating Q.W.'s parental rights and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (b)(2).

Appellant's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be

advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). In the brief, Q.W.'s counsel also reviews the evidentiary sufficiency relative to termination under statutory ground (E) and concludes that the evidence is legally and factually sufficient to support termination thereunder. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code"). Appellant's counsel has certified to this Court that she has provided her client with a copy of the *Anders* brief and the appellate record and informed her client of her right to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant. To date, no pro se brief has been filed.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support Q.W.'s appeal. We have specifically reviewed the trial court's findings as to Q.W. under parts (D) and (E) of Family Code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d at 237. We agree with appellant's counsel that the appeal

is frivolous and without merit.  Accordingly, we affirm the trial court's order terminating the parental rights of Q.W.  We deny counsel's motion to withdraw.[1]

 

 

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:  April 16, 2020

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to Q.W. have not yet been discharged. *See id.* If after consulting with counsel appellant desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*